## Kelsey et al. v. Kelsey et al.

(Decided April 29, 1938.)

DUNCAN & DUNCAN for appellants.

J. M. KENNEDY and E. BERTRAM for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE STITES—
Affirming.

W. H. Kelsey was a resident of Wayne county. He was the father of the appellants by his first wife, who died some years ago. After the death of his first wife, Mr. Kelsey married the appellee M. E. Kelsey, who survives him. Mr. Kelsey owned two tracts of land in Wayne county, which, during his lifetime, he conveyed to appellee. We gather from the briefs that Mr. Kelsey first conveyed a life estate to her in each of the tracts by separate deeds executed in 1929 and in 1930. In 1931 he executed a deed conveying the fee-simple title to both tracts to appellee. After the death of W. H. Kelsey, Mrs. Kelsey executed a note to the appellee J. M. Kennedy, in the sum of $515.41, secured by a mortgage on the two tracts. Following this transaction, the appellants, as heirs of W. H. Kelsey, brought an action to cancel the deeds executed by their father to his wife. This action was compromised, and a judgment was entered reciting that the parties, ''having agreed upon a settlement of the matter in this action as between themselves, submit the action to the court for judgment and agree that the court shall enter a judgment in this action as follows:'' First, the three deeds were canceled; second, appellee M. E. Kelsey was adjudged to have a life estate in the property; and, third, the mortgage to J. M. Kennedy was adjudged to be a valid and first lien upon the lands and to remain in full force and effect. There were other provisions in the judgment not here material, but it concluded:

''The foregoing judgment is in conformity with the agreement made for a settlement of this case by the parties and their attorneys and the same is now entered as the judgment of this court in this action and this action is now stricken from this court's docket.''

In March, 1937, the suit now before us was com-

menced by J. M. Kennedy against the appellants and the appellee M. E. Kelsey for the purpose of foreclosing his mortgage. Appellants filed a cross-petition in the suit, in which they named Mrs. Kelsey as cross-defendant and asserted that the debt of $515.41 was hers, and not theirs, and they asked that the life estate be sold first in satisfaction of the mortgage, and, if it became necessary to sell the remainder interest, they asked judgment against Mrs. Kelsey for such sum as might not be realized from the sale of the life estate. Mrs. Kelsey filed an answer to this cross-petition, in which she denied certain of its allegations and alleged affirmatively that the appellants assumed the payment of the note sued on in this action and that the assumption of said debt was the only consideration for the agreed judgment. She further alleged that she agreed to the cancellation of the deeds only upon the condition that she be given a life estate in the property and that the debt sued on should be a lien against the remainder interest No reply was filed to this answer to the cross-petition, and there was no order controverting it of record. With the record in this shape, the cause was submitted to the court for judgment upon the pleadings.

The court rendered a judgment in favor of J. M. Kennedy against all of the defendants and directed a sale of the property in satisfaction of his lien. It further directed that the commissioner first offer for sale the remainder interest of the appellants, and, in the event this produced a sum insufficient to pay the debt, then the life estate of M. E. Kelsey should be sold. It was likewise provided that, in this latter event, Mrs. Kelsey should have judgment over against appellants for such sum as might be necessary to realize from the sale of her life estate.

It is insisted with great earnestness by appellants that there is nothing in the agreed judgment authorizing the conclusion reached by the chancellor. Conceding, for purposes of argument, that this is true, it nevertheless appears from the agreed judgment that it was not itself the contract between the parties, but was entered "in conformity with the agreement made for a settlement of this case." We have the undenied allegations of Mrs. Kelsey's answer to the cross-petition as evidence of what that agreement might be. Plainly, the chancellor merely followed these allegations in reach-

ing the conclusion that he did. In the state of the record as submitted to him, it is difficult to see how he could possibly have reached any other result.

Judgment affirmed.